IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVIE WILSON, ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 8063 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| MARC KESKE, *et al.*, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Stevie Wilson lay on the ground, handcuffed, as an electrical pulse surged through him. He could no longer move, felt he could no longer breathe, and eventually lost consciousness. When he awoke, he was a patient at Vista Medical Center East in Waukegan, Illinois. This is Wilson's account of what happened to him on November 3, 2009, when he contends he was struck by a Taser deployed by a North Chicago police officer. Wilson has sued that officer, defendant Marc Keske, along with the city of North Chicago, unknown police officers, a security guard named Marvin Garret, as well as Taser International and unknown employees. The complaint alleges claims of excessive force and conspiracy to use excessive force under 42 U.S.C. § 1983, as well as claims of battery, intentional infliction of emotional distress, products liability, and indemnity under Illinois law.

Before the court are two motions to dismiss the claims against defendants Marc Keske, the city of North Chicago, Taser International, and its employees. For the reasons that follow, the motions to dismiss are granted in part and denied in part.

**BACKGROUND**

In his first amended complaint, Wilson alleges the following facts, which the court accepts as true for purposes of the motion to dismiss. *See Marshall-Mosby v. Corporate*

*Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). The events of November 3, 2009, began when Wilson called 911 for help. North Chicago police officer Marc Keske and Marvin Garret, whom Wilson describes as a security guard, responded to the call. When Keske and Garret arrived at the scene, they handcuffed Wilson, pushed him to the ground, and then Keske deployed his model X26 Taser ECD weapon on Wilson. The complaint does not identify why Wilson called 911, or why Keske and Garret handcuffed him and deployed Keske's Taser, but Wilson alleges that the conduct amounted to excessive force.

Wilson further alleges that defendants Taser International and unspecified employees knew that the X26 model of the Taser weapon was unreasonably dangerous and would often cause serious injury, even death. However, according to the allegations of the complaint, Taser International and its employees told the city of North Chicago that its Tasers seldom harmed arrestees when used properly. Consequently, the city of North Chicago purchased Taser weapons for each of its patrol officers and instructed the officers that the weapons were safe to use.

In his complaint, Wilson alleges the following claims: (1) a claim of excessive force against Keske and Garret under 42 U.S.C. § 1983 (Count I); (2) a claim of conspiracy to use excessive force against Keske, unknown North Chicago police officers, and Taser International under 42 U.S.C. § 1983 (Count II); (3) strict products liability against Taser International and unknown employees under Illinois law (Count III); (4) battery against Keske, Garrett, and unknown police officers under Illinois law (Count IV); (5) intentional infliction of emotional distress against Keske, Garret, and unknown police officers under Illinois law (Count V); and (6) indemnity against the city of North Chicago under 745 Ill. Comp. Stat. 10/9-102.

In addition to the allegations of the complaint, the court takes judicial notice of a prior criminal proceeding against Wilson involving an incident that also occurred on November 3, 2009. According to records of that state court criminal proceeding, Wilson pleaded guilty to a single count of aggravated battery. During his plea colloquy, Wilson stipulated that he had knowingly caused bodily harm to defendant Keske by kicking him about the head in a public way. Transcript of Negotiated Plea Proceedings, Case No. 09 CF 4385 (Lake County, Illinois Apr. 5, 2010) (attached as Exhibit A to Motion [18-1]).

Several of the defendants have filed two motions to dismiss. In the first, defendant officer Marc Keske seeks to dismiss the claims of excessive force (Counts I & II), battery (Count IV), and intentional infliction of emotional distress (Count V) against him.[1] In the second, Taser International and its unknown employees seek the dismissal of the civil rights conspiracy claim against Taser International(Count II), as well as the products liability claim (Count III) against both of them. Alternatively, the moving defendants seek a more definite statement of Wilson's claims under Federal Rule of Civil Procedure 12(e).

**STANDARD OF REVIEW**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atlantic Corp. v.*

---

[1] The motion also purports to seek the dismissal of Count VI, a claim for indemnity against the city of North Chicago, which is the sole claim against that defendant. However, nowhere in the motion do the defendants discuss that claim. Arguments that are undeveloped and unsupported by citations to authority are forfeited. *White Eagle Cooperative Ass'n v. Conner*, 553 F.3d 467, 476 n.6 (7th Cir. 2009). Accordingly, the court has no occasion to discuss the claim for indemnity any further in this order.

*Twombly,* 550 U.S. 544, 547 (2007). In *Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F. 2d 366, 368 (7th Cir. 1992). However, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Board of Trustees,* 581 F. 3d 599, 603 (7th Cir. 2009).

**ANALYSIS**

**I.     Keske's Motion to Dismiss Excessive Force Claims (Counts I & II)**

In these counts, Wilson argues that Keske, both alone and in a conspiracy with others, used excessive force by using a Taser weapon on him after he had been handcuffed and pushed to the ground. The Seventh Circuit has expressly recognized that "an allegation of excessive force during an arrest is cognizable under § 1983." *Blake v. Katter,* 693 F.2d 677, 682 (7th Cir. 1982). To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a defendant, acting under color of state law, deprived him of a constitutional right, in this instance, his Fourth and Fourteenth Amendment freedom from an unreasonable seizure. *See Soldal v. Cook County,* 506 U.S. 56, 60 n.6 (1992) (citation omitted).

The primary inquiry in addressing an excessive force claim brought under § 1983 is whether the conduct of state officials was so egregious or intolerable as to shock the conscience of the court and constitute a constitutional violation as opposed to a mere violation of state tort

law. *Gumz v. Morrissette*, 772 F.2d 1395, 1399 (7th Cir. 1985). The use of force by a state officer is unconstitutional if it 1) caused severe injuries, 2) was grossly disproportionate to the need for action under the circumstances, and 3) was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. *Id.* at 1400. Injury is not an element of an excessive-force claim; rather, it is evidence of the degree of force imposed and the reasonableness of that force. *See McAllister v. Price*, No. 10-1213, 2010 WL 3169326, at *4 (7th Cir. Aug. 12, 2010).

Keske argues that Wilson's claims against him for excessive force and conspiracy to subject him to excessive force must be dismissed for two reasons. First, he argues that the excessive force claims must be dismissed under the doctrine of collateral estoppel. Second, he argues that the excessive force claims must be dismissed under the *Heck* doctrine. The court considers each argument in turn.

### A. Collateral Estoppel

Defendant Keske argues that the excessive force claims must be dismissed because Wilson admitted in his criminal case that he kicked Keske in the head and, therefore, is collaterally estopped from re-litigating the issue of whether defendant Keske used reasonable and necessary force in effecting the plaintiff's arrest. The court applies Illinois law to determine the extent to which Wilson's criminal conviction for battery bars his § 1983 claims under the doctrine of collateral estoppel. *See Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010).

Generally, the doctrine of collateral estoppel exists to prevent litigants from re-litigating issues that have already been the subject of a fair legal determination. *See Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). Under Illinois law, collateral estoppel is properly invoked when: (1) the issue decided in the prior adjudication is

identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Id.* A litigant who has had a "full and fair opportunity" to contest an issue may not raise that same issue at a future trial. *Wolverine Mut. Ins. v. Vance ex rel. Tinsley,* 325 F.3d 939, 943 (7th Cir. 2003). Moreover, it is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding. *Talarico v. Dunlap*, 685 N.E.2d 325, 328-29 (Ill. 1997).

Turning to whether Wilson's excessive force claim is collaterally estopped in the instant case, the threshold question is whether there is identity of issues. Here, the issues are not identical. The criminal case focused on Wilson's treatment of officer Keske. In contrast, the focus of the § 1983 claims in the instant proceeding is on Keske's treatment of Wilson, and whether it was excessive under the circumstances.

Because there is no identity of issues, the doctrine of collateral estoppel does not bar Wilson's excessive force claims and, therefore, he is not entitled to dismiss on that basis.

**B.    The *Heck* Doctrine**

Keske argues that Wilson's excessive force claims are also barred under the doctrine articulated in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a plaintiff may not proceed with a claim under 42 U.S.C. § 1983 if success on that claim would imply that the previous criminal conviction was invalid. *Id.* at 487. Thus, the *Heck* doctrine limits a convicted criminal's ability to attack his conviction through channels other than the appeal process. *Id.* at 486. Therefore, in analyzing a § 1983 claim involving a convicted

identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Id.* A litigant who has had a "full and fair opportunity" to contest an issue may not raise that same issue at a future trial. *Wolverine Mut. Ins. v. Vance ex rel. Tinsley,* 325 F.3d 939, 943 (7th Cir. 2003). Moreover, it is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding. *Talarico v. Dunlap*, 685 N.E.2d 325, 328-29 (Ill. 1997).

Turning to whether Wilson's excessive force claim is collaterally estopped in the instant case, the threshold question is whether there is identity of issues. Here, the issues are not identical. The criminal case focused on Wilson's treatment of officer Keske. In contrast, the focus of the § 1983 claims in the instant proceeding is on Keske's treatment of Wilson, and whether it was excessive under the circumstances.

Because there is no identity of issues, the doctrine of collateral estoppel does not bar Wilson's excessive force claims and, therefore, he is not entitled to dismiss on that basis.

**B.    The *Heck* Doctrine**

Keske argues that Wilson's excessive force claims are also barred under the doctrine articulated in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a plaintiff may not proceed with a claim under 42 U.S.C. § 1983 if success on that claim would imply that the previous criminal conviction was invalid. *Id.* at 487. Thus, the *Heck* doctrine limits a convicted criminal's ability to attack his conviction through channels other than the appeal process. *Id.* at 486. Therefore, in analyzing a § 1983 claim involving a convicted

identical with the one presented in the current action; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Id.* A litigant who has had a "full and fair opportunity" to contest an issue may not raise that same issue at a future trial. *Wolverine Mut. Ins. v. Vance ex rel. Tinsley,* 325 F.3d 939, 943 (7th Cir. 2003). Moreover, it is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding. *Talarico v. Dunlap*, 685 N.E.2d 325, 328-29 (Ill. 1997).

Turning to whether Wilson's excessive force claim is collaterally estopped in the instant case, the threshold question is whether there is identity of issues. Here, the issues are not identical. The criminal case focused on Wilson's treatment of officer Keske. In contrast, the focus of the § 1983 claims in the instant proceeding is on Keske's treatment of Wilson, and whether it was excessive under the circumstances.

Because there is no identity of issues, the doctrine of collateral estoppel does not bar Wilson's excessive force claims and, therefore, he is not entitled to dismiss on that basis.

**B.    The *Heck* Doctrine**

Keske argues that Wilson's excessive force claims are also barred under the doctrine articulated in *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a plaintiff may not proceed with a claim under 42 U.S.C. § 1983 if success on that claim would imply that the previous criminal conviction was invalid. *Id.* at 487. Thus, the *Heck* doctrine limits a convicted criminal's ability to attack his conviction through channels other than the appeal process. *Id.* at 486. Therefore, in analyzing a § 1983 claim involving a convicted

plaintiff, the court must determine whether the allegations in Wilson's § 1983 claims suggest that his criminal conviction was invalid.

Keske contends that an excessive force claim under § 1983 is necessarily barred under the *Heck* doctrine by a plaintiff's conviction for resisting a peace officer, citing *Holder v. Ivanjack*, 93 F. Supp. 2d 933 (N.D. Ill. 2000). In *Holder*, a plaintiff brought a § 1983 claim of excessive force against a police officer. The plaintiff had earlier been convicted of resisting arrest. Jurors in the criminal case had been instructed that, under Illinois law, a person is entitled to resist arrest if the arrest was being procured through excessive force. *Id.* at 936. The court in *Holder* concluded the jurors who convicted the plaintiff of resisting arrest must have determined that no excessive force occurred. *Id.* at 939. Therefore, the court reasoned, *Heck* barred the plaintiff from relitigating the issue of excessive force in federal court. *Id. See also Case v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003) (conviction for resisting arrest bars § 1983 claim for false arrest claim); *Crooms v. Mercado*, 955 F. Supp. 985, 987 (N.D. Ill. 1997) (conviction for resisting arrest bars § 1983 claim for excessive force).

However, the cases cited by Keske are inapposite. Wilson pleaded guilty to aggravated battery, not resisting arrest. Keske has cited no authority for the proposition that success on an excessive force claim would imply that his conviction for aggravated battery was invalid. Moreover, nothing in the complaint or in the records from his state criminal case establishes a connection between the aggravated battery and the alleged use of excessive force.[2] In the

---

[2]Indeed, Wilson suggests in his response brief that the battery occurred in the ambulance, long after Keske allegedly used the Taser. However, such details must be fleshed-out later with the benefit of a more fully-developed record, as the court is restricted on a motion to dismiss to taking into account only the allegations of the complaint plus matters of which the court can take judicial notice.

absence of any temporal connection between the events underlying the criminal conviction and the events underlying the excessive force claim, *Heck* does not bar the excessive force claim. *See Gregory v. Oliver,* 226 F. Supp. 2d 943, 952 (N.D. Ill. 2002).

Accordingly, Keske has not established that *Heck* bars Wilson's excessive force claim and, therefore, he is not entitled to dismiss on that basis.

To conclude, Keske has failed to establish that Wilson's excessive force claim is barred under either the doctrine of collateral estoppel or the *Heck* doctrine. Therefore, Keske's motion to dismiss Counts I & II of the amended complaint is denied.

## II. Keske's Motion to Dismiss Claims of Battery (Count IV) and Intentional Infliction of Emotional Distress (Count V)

Keske argues that Wilson's claims for battery and intentional infliction of emotional distress are barred under the doctrine of collateral estoppel for the same reasons that his § 1983 claim for excessive force is barred. However, as detailed above, the issue in the state criminal proceeding was Wilson's treatment of officer Keske, while the issue before this court is the mirror opposite—the defendants' treatment of Wilson. Because of the lack of identity of issues, the doctrine of collateral estoppel is inapplicable, and no more bars Wilson's state law claims than it bars his § 1983 excessive force claim.

Accordingly, Keske's motion to dismiss Wilson's claims for battery (Count IV) and intentional infliction of emotional distress (Count V) is denied.

## III. Taser International's Motion to Dismiss Conspiracy Claim (Count II)

Defendant Taser International seeks to dismiss Wilson's allegations that it conspired with Keske and unknown police officers to subject Wilson to excessive force. In support, it offers two arguments. First, it argues that the conspiracy claim (Count II) must be dismissed because

the underlying excessive force claim (Count I) must be dismissed. Second, it argues that the conspiracy claim must be dismissed because Wilson has failed to satisfy the requirements of notice pleading.

Taser International's first ground for dismissal is unavailing. The court has already denied Keske's motion to dismiss the excessive force allegations in Count I. Therefore, Taser International's assertion that the conspiracy claim must be dismissed because the underlying excessive force claim must be dismissed is incorrect.

Turning to the second argument, defendant Taser contends that Wilson failed to state a claim for conspiracy under § 1983 because there is no allegation of an agreement "between Taser and the state actors to deprive Wilson of his constitutional rights." While a private citizen cannot ordinarily be held liable under § 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to § 1983 liability. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992). To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000).

The amended complaint fails to allege any agreement or understanding between Taser International and the defendant officers. According to the allegations, Taser International knew that its Taser was "unreasonably dangerous," Am. Compl. [9-1] ¶ 29, but never shared that information with the defendant officers. To the contrary, according to the amended complaint, Keske "learned TASER INTERNATIONAL'S message that its X26 TASER ECD weapons, if used properly, would seldom hurt arrestees." *Id.* ¶ 17. Given that Taser International allegedly

told the defendant officers only that its weapons were safe, it is not possible even to infer that Taser International and the officers had reached an understanding to use the weapons in order to subject arrestees to excessive force.

In the absence of any allegations from which an agreement to engage in violations of the constitution can be inferred, Taser International's motion to dismiss the conspiracy claim against it (Count II) is granted. Although Keske did not move to dismiss Count II against him on this basis, for the same reasons the conspiracy claim is dismissed against Taser International, it is also dismissed against Keske.

**IV.     Taser International's Motion to Dismiss Products Liability Claim (Count III)**

In Count III, Plaintiff alleges that Taser International knew or should have known that its weapons, including the model X26 used on Wilson, were unreasonably dangerous. Wilson further alleges that Taser International failed to warn the public and its customers of the dangers posed by Taser weapons. Defendant Taser contends that Wilson cannot assert a claim under strict products liability "without pleading the necessary facts to put Taser on notice as to what the defect is."

Under Illinois law, the elements of a claim of strict liability based on a defect in a product are: (1) a condition of the product as a result of manufacturing or design; (2) that made the product unreasonably dangerous; (3) and that existed at the time the product left the defendant's control; (4) an injury to the plaintiff; and (5) the condition proximately caused the injury. The plaintiff has the burden of proof on each element. *See Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 543 (2008).

Wilson has alleged that Taser International's products were unreasonably dangerous, and that their dangerous condition was the proximate cause of his alleged injury. The allegations

thus plausibly suggest a claim under Illinois' products liability law. Taser International nevertheless argues that Wilson must also set out in the complaint the factual basis for each allegation. However, in support it cites Illinois cases discussing the requirements of fact pleading under Illinois' civil procedure rules. As discussed above, to satisfy the requirements of federal notice pleading, Wilson need only plausibly suggest an entitlement to relief. This he has done and, therefore, Taser International's motion to dismiss Count III is denied.

Wilson also included unknown employees of Taser International as defendants to this count, but in its response brief has agreed that the employees are not proper parties to that claim. Accordingly, Count III is dismissed as to the unknown employees of Taser International.

## V.     Motions for a More Definite Statement

Finally, the defendants argue that if Wilson's allegations are so vague and ambiguous that the court cannot conclude that his claims are barred under the doctrine of collateral estoppel and *Heck*, then the court should require a more definite statement under Federal Rule of Civil Procedure 12(e). Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement if it "cannot reasonably prepare a response." However, the defendants seek a more definite statement not to prepare a response but, rather, to elicit factual allegations above and beyond those required under Rule 8 so that the court is in a better position to grant their motions to dismiss.

The parties have cited no authority requiring heightened pleading where it would facilitate the dismissal of the complaint, nor does the text of Rule 12(e) support such a use. Accordingly, the motion for a more definite statement is denied.

## CONCLUSION

For the reasons stated, the motions to dismiss [17-1 & 23-1] are granted in part and denied in part as follows: the motions to dismiss Counts I, IV, V & VI are denied; the motion to dismiss Count III against Taser International is denied, but is granted as to its unknown employees; and the motions to dismiss Count II against both Taser International and Keske are granted.

ENTER:

DATE: October 15, 2010

_____
Blanche M. Manning
United States District Judge