**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVIE WILSON, ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 8063 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| OFFICER MARC KESKE, et al., ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Stevie Wilson alleges that he was rendered unconscious and hospitalized after being struck by a Taser deployed by North Chicago police officer Marc Keske during his arrest of Wilson. He has sued the officer, the city of North Chicago, a security guard at the scene, and unknown North Chicago police officers for a variety of constitutional and state law claims. For his part, officer Keske alleges that Mr. Wilson hit and kicked him during the incident, and filed a counterclaim for battery.

In advance of the upcoming trial, Wilson has filed numerous motions in limine. Defendants Keske and the city of North Chicago responded. The court addresses each motion in turn.

**Motion in Limine #1 – Motion to Bar Reference to Wilson's Alcohol or Drug Use**

Wilson seeks an order barring the defendants from presenting any reference to his drug or alcohol use. Wilson contends that such evidence should be excluded as irrelevant under Federal Rule of Evidence 402, and as unduly prejudicial under Rule 403.

In response, the defendants state that they do not intend to present evidence of Wilson's day-to-day use of drugs or alcohol, or that he was arrested because of his intoxication. However, the defendants contend that they should be allowed to present evidence that officer Keske perceived Wilson to be intoxicated at the time of the incident because intoxication would be relevant to Wilson's ability to recall the events of that day.

Evidence of intoxication may be relevant to a witness' ability to recall events that occurred during the period of intoxication. *See Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). However, because of the risk of undue prejudice, before admitting such evidence the court must first assure itself that the issue of memory is legitimately at issue. *Id.*

Because the factual record is undeveloped (none of the parties filed a motion for summary judgment), the court cannot at this time determine whether evidence of intoxication is admissible in this case. Accordingly, the court defers ruling on the issue at this time. Wilson may raise the

issue again at trial if warranted, and the defendants are directed not to raise the issue of Wilson's alleged intoxication during jury selection or opening statements.

**Motion in Limine #2 — Motion to Bar Evidence of Keske's Good Character**

In this motion, Wilson states that because he does not intend to attack the character of the defendants with reputation evidence, the defendants should be barred from presenting evidence of Keske's good character, such as commendations and awards he has received. *See* Fed. Rule of Evid. 404 ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . ."). The defendants respond that they should nevertheless be allowed to present evidence of commendations or other favorable notes in Keske's personnel file as background evidence of Keske's training, education, and experience as a law enforcement officer.

The defendants can establish Keske's training, education, and experience without delving into any commendations or awards he received as a result of that training, education, and experience. Accordingly, the court grants Wilson's motion. However, the court will revisit the issue upon the request of a party if warranted by developments at trial, such as an attempt by Wilson to impeach Keske with character evidence. *See* Fed. R. Evid. 608 (allowing the use of certain character evidence or opinion of character to impeach a witness' credibility).

**Motion in Limine #3 — Motion to Bar Evidence of Wilson's Fee Arrangement with Counsel**

The defendants do not object, so the motion is granted.

**Motion in Limine #4 — Motion to Bar Certain Arguments About the Damages Wilson Seeks**

Wilson seeks to bar argument that he has sought more money than he expects to be awarded, that any award would not be subject to taxes, that the amount sought is shocking, or that any damages award would burden taxpayers.

The defendants do not object, so the motion is granted.

**Motion in Limine #5 — Motion to Bar Any Reference to Collateral Source Payments for Medical Bills**

The defendants do not object, so the motion is granted.

**Motion in Limine #6 — Motion to Bar Any Reference to the Amount of Wilson's Bond in his Criminal Case**

The defendants do not object, so the motion is granted.

**Motion in Limine #7 — Motion to Bar Any Reference to the Results of Any Internal Affairs Investigation**

The defendants do not object so long as neither side presents such evidence. Because the plaintiff's motion in limine seeks to bar *any* reference to the results of an internal affairs investigation, not just any reference by the defendants, the motion is granted.

**Motion in Limine #8 — Motion to Bar Any Reference to Wilson's Possible HIV Infection**

Next, Wilson seeks to bar any reference to the possibility that he is HIV-positive. Wilson contends that his HIV status is irrelevant to any issue raised in this case.

The defendants ask the court to defer ruling on the admissibility of such evidence until trial because his HIV status may be relevant to his claim for damages. At this juncture, the court cannot perceive of a scenario under which Wilson's HIV status would be relevant to any issue, including damages, nor have the defendants identified such a scenario. However, "[a] motion in limine should only be granted where the evidence is clearly inadmissible for any purpose." *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). Given that a factual record has not yet been developed in this case, the court hesitates to find that there is no possible relevance to Wilson's HIV status.

Accordingly, the court defers ruling on the motion until trial so that it can assess the relevance of Wilson's HIV status, and the potential for undue prejudice, in context. The defendants are directed not to raise the issue of Wilson's HIV status during jury selection, opening statements, or until such time that the defendants' attempt to establish the relevancy thereof. The court will then rule at such time if relevancy has been established.

**Motion in Limine #9 — Motion to Bar Any Reference to Gang Affiliations of Wilson or His Witnesses**

The defendants state that they do not intend to use such evidence, unless developments at trial somehow make the issue relevant. Accordingly, the motion is granted, but the court will revisit the issue upon the request of a party if warranted by developments at trial.

**Motion in Limine #10 — Motion to Bar Referring to Keske as an Expert on the Use of Force or the Use of Tasers Unless He is First Qualified as an Expert**

In this motion, Wilson seeks to bar any reference to officer Keske as being an expert on either the use of force or the use of Tasers, unless the court first qualifies him as an expert on those topics under Federal Rules of Evidence 702, 703, and 705.

In response, the defendants ask the court to defer until trial any ruling "regarding testimony from Officer Keske on the use or effects of a Taser gun and/or use of force." Response [73-1] at 5.

The defendants have mischaracterized the relief Wilson seeks. He does not seek to bar Keske from testifying on the use or effects of a Taser or of force but, rather, merely seeks to bar any reference to him as being an expert until he is first qualified as one under the Federal Rules of Evidence.

A witness may testify as an expert only if a court first determines that he is qualified to do so. *See* Fed. R. Evid. 702. It appears that the defendants did not disclose Keske as an expert because he is not identified as a proposed expert witness in the parties' proposed final pretrial order. Because Keske is not being offered as an expert witness, and in the absence of any determination by the court that he is an expert witness, the defendants may not refer to him as being one.

Accordingly, the motion in limine is granted.

**Motion in Limine #11 — Motion to Allow Evidence that Keske Was Named as a Defendant in a Similar Lawsuit**

In this motion, Wilson asks the court to allow in evidence that Keske was named as a defendant in a lawsuit where "although the Plaintiff [in that case] was restrained in handcuffs, Marc Keske beat and tased the Plaintiff to death." Motion [70-1] at 3. The defendants object, arguing that evidence of other acts is not admissible to show character or action in conformity therewith. *See* Fed. R. Evid. 404(b).

While Federal Rule of Evidence 404(b) prohibits the use of evidence of other acts to show character, it allows evidence of other acts for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident."

Wilson only cursorily states that Keske's conduct alleged in the other lawsuit is relevant to prove intent, planning, and absence of mistake. He does not develop any argument explaining how the evidence is relevant to those issues, nor does he provide specifics about the allegations

in the other lawsuit. As a result, Wilson has not satisfied the court that the Rule 404(b) evidence he seeks to admit is admissible as evidence of intent, planning, or absence of mistake.

Accordingly, Wilson's motion is denied. However, the court will revisit the issue upon the request of a party if warranted by developments at trial.

**Motion in Limine #12 — Motion to Bar Evidence that Wilson Filed a Motion in Limine**

The defendants did not respond to this motion. Given the lack of relevance, the motion is granted.

## CONCLUSION

For the reasons stated, Wilson's motion in limine is granted in part and denied in part as follows: motions 2-7, 9, 10, and 12 are granted; motion 11 is denied; and the court defers ruling on motions 1 and 8 until trial.

ENTER:

DATE: January 27, 2011

Blanche M. Manning
United States District Judge