**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVIE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 8063 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| MARC KESKE, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, Marc Keske and the City of North Chicago, by and through their attorneys, Julie M. Koerner and Bhairav Radia, move at the close of all of the evidence in this matter for judgment as a matter of law in their favor as to Plaintiff's claim of excessive force and for a judgment in Defendant Keske's favor on his counterclaim for battery, pursuant to Fed.R.Civ.P. 50. Further, Defendants renew this motion in that Defendants also made this motion orally at the close of the Plaintiff's case in chief. In support thereof, Defendants state as follows:

## ARGUMENT

### I.      STANDARD OF REVIEW

At any time before a case is submitted to the jury, a party may move for judgment as a matter of law under Federal Rule of Civil Procedure 50 ("Rule 50"). Fed. R. Civ. P. 50(a)(2). Rule 50 requires a court to render judgment as a matter of law when a "party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." F.R.C.P. 50(a)(1). The standard of review for judgment as a matter of law "mirrors" that of summary judgment under Rule 56. *Reeves v.*

*Sanderson Plumbing Prods., Inc*., 120 S. Ct. 2097, 2109 (2000).  Therefore, the review of a judgment as a matter of law is de novo when considering all evidence in the record and "drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence."  *Deimer v. Cincinnati Sub-Zero Prods., Inc*., 58 F.3d 341, 343-44 (7th Cir. 1995).

**II.      KESKE DID NOT VIOLATE A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT SUCH THAT HE IS ENTITLED TO QUALIFIED IMMUNITY.**

To prevail on a claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must establish that: 1) he has a constitutionally protected right; 2) he was deprived of that right; 3) the defendant intentionally caused that deprivation; and 4) the defendant acted under color of state law. *Bublitz v. Cottey*, 327 F.3d 485, 488 (7thCir. 2003).  With respect to allegation of excessive force, the Fourth Amendment is applicable.  *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989).  However, "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 349, 106 S.Ct. 1092, 1100 (1985).  The issue of whether an officer is entitled to the protection of qualified immunity is a question of law, not of facts, for the court to decide.  *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985).

"Because police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain and rapidly evolving — about the amount of force that is necessary in a particular situation, the reasonableness of the officer's belief as to the appropriate

level of force should be judged from that on-scene perspective." *Saucier v. Katz*. 533 U.S. 194, 205 (2001). The *Saucier* analysis has two prongs, the first being that the court must establish whether the facts alleged, taken in the light most favorable to the nonmoving party, show that the officer's conduct violated a constitutional right. *Saucier*, 121 S. Ct. 2151, 2156 (2001). If the court determines that a violation did not occur, then qualified immunity applies. *Id*. If a violation did occur, then the court must address whether the right was "clearly established" at the time. *Id*. Under this analysis, the trial court must consider whether it would be clear to a reasonable officer that his conduct was unlawful in the particular situation he confronted. *Id*. Finally, this "clearly established" right must have been identified in a "particularlized sense with respect to the circumstances of the alleged violation." *Warlick v. Cross*, 969 F.2d 303, 309 (7th Cir. 1992). "Prior case law must give the government official clear warning that the official's conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

In the instant matter, the existence of a right to be free from the use of unreasonable force is clear and free from doubt. But, this court must focus on whether Officer Keske had a clear warning that the use of a Taser during the course of Plaintiff's arrest was unreasonable given the specific circumstances that he faced at the time he was engaged in trying to restrain and arrest Plaintiff and not in the cold light of a courtroom in hindsight. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 817 (2009). Qualified immunity operates to provide that, even if Keske used unconstitutionally unreasonable force, he would still be immune from suit so long as he was operating under a good faith belief that the amount of force used was reasonable under the circumstances. As such, this court must determine whether a single deployment of a taser on a subject who is handcuffed and on the ground, which facts are most favorable to the Plaintiff, has

been clearly established to constitute an unreasonable use of force is not clear. Defendants contend that it is not clearly established, and that judgment as a matter of law is appropriate.

**III.    DEFENDANT KESKE IS ENTITLED TO A JUDGMENT ON HIS COUNTERCLAIM OF BATTERY.**

Federal courts apply a state's collateral estoppel law in determining whether a §1983 claim is precluded by a prior state court judgment. *Soriano v. Town of Cicero*, 2010 U.S. Dist. LEXIS 88624, *7-8 (N.D.Ill. 2010) citing *Migra v. Warren City School Dist. Ed. Of Educ.*, 465 U.S.75, 81 (1984). "Under Illinois law, collateral estoppel precludes relitigation of issues in a subsequent proceeding when: (1) the issue decided in the prior adjudication is identical with the one present in the suit in question; (2) there has been a final judgment on the merits in the prior adjudication; (3) the party against whom estoppel is asserted was a party to the prior adjudication…; and (4) the party sought to be bound actually litigated the issue in the first suit, and a decision on the issue must have been necessary to the judgment in the first litigation. *Soriano v. Town of Cicero*, 2010 U.S. Dist. LEXIS 88624, *7-8 (N.D.Ill. 2010) citing *American Family Mutual Insurance Co. v. Savickas*, 193 Ill.2d 378, 387 (2000).

Clearly an application of the above guidelines establishes that Keske is entitled to a judgment as a matter of law, and Plaintiff is collaterally estopped from continuing to proclaim his innocence of battering Keske. Indeed, his pleadings, trial testimony and continuing argument that he only pled guilty to avoid a more severe penalty clearly runs afoul of *Heck v. Humphrey,* 512 U.S. 477 (1994), as his proclamations imply the invalidity of his conviction. Notwithstanding that issue, collateral estoppel applies. Plaintiff is the party against whom estoppel is asserted. He was clearly a party (defendant) to the prior criminal adjudication. And, he pled guilty to intentionally and knowingly kicking Keske in the head on a public way, and

was sentenced thereon.  The only issue remaining is the amount of damages that Officer Keske should be awarded for Plaintiff's intentional conduct.

WHEREFORE, Defendants, Marc Keske and City of North Chicago, pray that this Court enter judgment as a matter of law in their favor as against Plaintiff on his claim of excessive force, and further Defendant, Marc Keske, prays for a judgment as a matter of law in his favor on his counterclaim of battery against Plaintiff, Stevie Wilson, and for the question of compensatory damages to be submitted to the jury for consideration.

Respectfully submitted,

**MARC KESKE, CITY OF NORTH CHICAGO**

By: *s/Julie M. Koerner*
        Attorney for Defendants

Julie A. Koerner
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone:  (847) 291-0200
Fax:  (847) 291-9230
jkoerner@okgc.com