# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 CV 8063 | DATE | February 10, 2012 |
| CASE TITLE | *Stevie Wilson v. Marc Keske* | | |

**DOCKET ENTRY TEXT**

The defendants' motion for judgment under Federal Rule of Civil Procedure 50(a) [83-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Defendants Marc Keske and the City of North Chicago move for judgment as a matter of law against plaintiff Stevie Wilson under Federal Rule of Civil Procedure 50(a)(2). Under Rule 50, the court may enter judgment against a party if that "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." The defendants contend that there is no legally sufficient basis to find for Wilson on two issues: (1) Wilson's excessive force claim against the defendants, and (2) Keske's battery counterclaim against Wilson.

*Excessive Force*

The defendants contend that they are entitled to judgment on Wilson's excessive force claim because Keske is entitled to the defense of qualified immunity. To defeat that defense, Wilson must establish that (1) Keske's alleged conduct violated Wilson's constitutional rights, and (2) the right allegedly violated was clearly established at the time. *See Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 473 (7th Cir. 2011). Given the varying accounts of what occurred at the time that Keske shot Wilson with the Taser, disputed questions of fact prevent the court from resolving the first prong.

Therefore, the defendants would be entitled to judgment on the basis of qualified immunity only if they can establish that Wilson's constitutional rights were not clearly established at the time of the incident. In determining whether a reasonable officer would have understood that his conduct violated a clearly established constitutional right, the court must view the circumstances in the light most favorable to Wilson. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). However, the court must also be mindful that police officers are forced to make split-second decisions, and so must evaluate the circumstances based on what the officer knew at the time, rather than with the benefit of hindsight. *See Coady v. Steil*, 187 F.3d 727, 734 (7th Cir. 1999).

It is the court's recollection that according to the testimony most favorable to Wilson, at the time Keske deployed his Taser, Wilson and bystanders yelled to Keske that Wilson had breathing difficulties and urged him not to deploy his Taser. The court recalls testimony that Keske knew that use of a Taser on persons with

**STATEMENT**

breathing difficulties was not recommended. In addition, the court recalls testimony that at the time Keske used the Taser, Wilson was face down on the ground and in handcuffs. Given this evidence, and when viewed in the light most favorable to Wilson, a reasonable officer would have known that shooting a Taser at a person under such circumstances would violate the person's constitutional rights. *See Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009) (use of a Taser on a weakened, docile inmate without warning or time to respond to officer's orders would violate clearly established constitutional right against use of excessive force).

Accordingly, the defendants' motion for judgment under Rule 50(a)(2) on the Wilson's claim of excessive force is denied.

*Battery*

Next, defendant Keske argues that he is entitled to judgment as to liability on his counterclaim for battery against Wilson. In support, Keske contends that because Wilson pleaded guilty to a criminal charge of battery against Keske, he is now estopped from denying Keske's civil claim for battery.

Under Illinois law, offensive collateral estoppel may be used to bar a party "from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding." *Talarico v. Dunlap*, 685 N.E.2d 325, 328-29 (Ill. 1997). However, whether the doctrine applies to negotiated guilty pleas is decided on a case-by-case basis because the "decision to accept a plea is often the result of weighing a myriad of factors, the reduction of the charge and resulting sentence being a significant factor but only one of those factors." *Id.* at 330. The decision whether to apply the doctrine of offensive collateral estoppel is left to the sound discretion of the district court. *Harrell v. USPS*, 445 F.3d 913, 921 (7th Cir. 2006).

Wilson testified that his decision to plead guilty was driven in part by his concern that proceeding to trial would subject him to sentencing enhancements based on his prior convictions. Because factors other than his actual guilt or innocence appear to have impacted his decision to plead guilty, and in an exercise of its discretion, the court declines to apply the doctrine of offense collateral estoppel to bar Wilson from litigating the issue of battery.

rs/cpb